**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candance Wong,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tri-Rotor Ag Services Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-23-00882-PHX-GMS<br><br>**ORDER** |

Pending before the Court are: (1) Plaintiff Candace Wong's Motion for Remand (Doc. 21); (2) The Tri-Rotor Defendants' (Tri-Rotor AG Services, Inc.,[1] Tri-Rotor, LLC, Tri-Rotor Spray & Chemical, Inc. and Alejandro Tamayo, Pahoran Garcia-Bustamante, Randy Ogata, and Larry Smith) 12(b)(6) Motion For Failure to State a Claim, (Doc. 26)[2], and, (3) Tri-Rotor Spray & Chemical, Inc. and Larry Smith move pursuant to Rule P. 12(B)(2) for dismissal for lack of personal jurisdiction (Doc 27), Defendants' Motion to Strike Plaintiff's Untimely Reply and New Arguments Therein and Alternative Motion for Leave to File Sur-Reply (Doc. 29) and Plaintiff's Motion to Extend Time to File Reply in Support of Remand (Doc. 35). For the reasons stated below, Plaintiff's Motion for Remand

---

[1] Plaintiff dismissed all of its claims against Tri-Rotor AG Services Inc. in (Doc. 40).

[2] Plaintiff similarly dismissed Defendant Tri-Rotor Crop Services, LLC as a Defendant in (Doc. 20). Defendant's Objection to this dismissal and its request for attorney' fees is overruled/denied. *See Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074. 1076 (9th Cir. 1999).

(Doc. 21) is denied. Defendants' 12(b)(6) Motion to Dismiss for Failure to State a Claim (Doc. 26) is denied and denied in part as moot, and the Motion of Tri-Rotor Spray & Chemical (SPRAY) and Larry Smith for dismissal for lack of personal jurisdiction (Doc. 27) is granted. The Motion to Strike (Doc. 29) is granted in substance, and the Motion to Extend (Doc. 35) is denied as moot.

## Background

Initially Plaintiff filed this suit in Yuma County Superior Court and named Bell Textron Inc. as one of a number of Defendants in this action. After Bell Textron removed this case pursuant to the federal officer provision, 28 U.S.C. § 1442(a)(1), Plaintiff dismissed Bell as a Defendant and now moves this Court to remand this case to Yuma Superior Court. The Kansas Defendants, Tri-Rotor Spray & Chemical, Inc. and Larry Smith, move for a Fed. R. Civ. P. 12(B)(2) dismissal for lack of personal jurisdiction (Doc. 27) and the Defendants move for a dismissal of the case as a whole and, alternatively, the dismissal of various counts within the Amended Complaint.

## Analysis

### A.  The Motion to Remand (Doc. 21)

In this Circuit, "post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976 (9th Cir. 2006). Here, there is no question that, when filed in state court, this case was removable due to the federal officer provision. Nevertheless, some cases from other circuits do remand after the dismissal of the federal officer Defendant. Yet, those cases do not follow the rule set forth in *Costco* which binds this court. *D.C. v. Merit Sys Prot. Bd.,* 762 F.2d 129, 132-33, (D.C. Cir. 1985); *Martinez v. Seaton,* 285 F.2d 587, 589 (10th Cir. 1961). *Peroff v. Manuel,* 421 F. Supp. 570, 576 (1976); *Herman Andrae Elec. C. v. Freiberg,* 332 F. Supp. 858, 859 (E.D. Wis. 1971). Plaintiff suggests that the *Costco* rule only applies to the dismissal of claims not parties. That argument, however, is not persuasive in light of the plain logic and language of *Costco.* And *Robertson v. Banner*

*Health Inc.,* No. CV-19-05225-PHX-JJT, 2019 US. Dist. LEXIS 248117, at *2 (D. Ariz. Dec. 3, 2019) does not support a different conclusion. Therefore, the Motion to Remand (Doc. 21) is denied.[3]

### B. The Rule 12(b)(6) Motion (Doc. 26)

Defendants argue that Plaintiff's claims have been assigned *in toto* to CROP's workers compensation carrier under Kansas law, which they argue to be the applicable law in this case. They further argue that, as a result, Plaintiff has no remaining claims. All of these assertions may prove correct, but necessary to these arguments are a number of facts outside the pleadings including the fact that some of the medical bills for Plaintiff's decedent were paid by CROP's worker's compensation carrier. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 998, (9th Cir. 2018) citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). Plaintiff's apparent admission in its Response that some of the medical bills from Plaintiff's decedent were paid by CROP's worker's compensation carrier, might allow the treatment of the motion as one for summary judgment. Nevertheless, even the Plaintiff's admission does not give the Court sufficiently defined facts on which to make competent rulings concerning the extent of the preclusive effect, if any, of either Kansas or Arizona worker's compensation law. The Court therefore declines to convert the motion into one for summary judgment and denies the motion to dismiss in this respect for present purposes.

At this stage of the litigation, Plaintiff has sufficiently stated a claim in cause of action eight against Rotor. Plaintiff has also stated in the complaint a request for punitive damages even if it does not constitute a stand-alone cause of action. The motion to dismiss

---

[3] Defendants Garcia-Bustamante, Ogata and Tamayo, moved to strike Plaintiff's Reply (Doc. 29) because it was filed late, and because it raises a new argument that had not been raised in its motion. The argument about procedural defect is raised for the first time in the Reply and is thus disregarded. *Nat'l Fire Ins. Co. of Harford v. Lewis,* 898 F. Supp. 2d 1132, 1148 (D. Ariz. 2012). Even if the Court took it into account, it is not sufficiently persuasive that it would have resulted in relief. Plaintiff's Motion to Extend time (Doc. 35) is denied as moot.

- 3 -

cause of action eight and the request for punitive damages from the Amended Complaint is therefore denied at this point in the litigation.

Plaintiff has already dismissed its claims as to Tri-Rotor AG Services Inc. and as to Tri-Rotor Crop Services, LLC. Thus, to the extent Defendants' Motion asks that cause of action six of the amended complaint (Doc. 22) be dismissed, it is denied as moot.

### C. The Rule 12(b)(2) Motion (Doc. 27)

While personal jurisdiction defenses are waived if not immediately asserted, Defendants motions to dismiss for failure to state a claim and for lack of jurisdiction were simultaneously filed. The fact that the motion to dismiss for failure to state a claim was first entered on the docket does not provide a sufficient basis for dismissal. To do so would elevate form over substance.

Plaintiff does not claim that White and SPRAY's contacts with Arizona provide this forum with general jurisdiction over them. At any rate Defendant acknowledges that SPRAY's place of incorporation and principal place of business is in Kansas and that Smith resides there. (Doc. 22 at ¶¶ 23, 37-38.) "Only in an exceptional case will general jurisdiction be available anywhere else." *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1069 (9th Cir. 2015) quoting *Martinez v. Aero Caribbean,* 764 F.3d 1062, 1070 (9th Cir. 2015).

To be subject to specific jurisdiction in a forum, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eight Judicial Dist. Court,* 141 S.Ct. 1017, 1024 (2021). Further, Plaintiff's claims "must arise out of or relate to the defendant's contacts with the forum." *Id.* at 1025. The claim against White and SPRAY are both tort claims over which the Ninth Circuit applies a "purposeful direction test" which "look[s] to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere." *Picot v. Weston,* 780 F.3d 1206, 1212 (9th Cir. 2015). "Under this test, a defendant purposefully directed his activities at the forum if he: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. at 1214.

The Amended Complaint sets forth a number of contacts between Smith, SPRAY and Arizona. They are summarized in Plaintiff's Response. "Defendant SPRAY, along with Defendant Smith as President and Director of SPRAY, engaged in the affirmative act of leasing the subject helicopter to ROTOR, an Arizona company, with knowledge that it would be serviced, maintained and repaired in the State of Arizona." (Doc. 43 at 8.) However, the third element is simply not satisfied here. As defendant's note, "Plaintiff's harm occurred in Kansas where Decedent crashed or in Nevada where Plaintiff lived when Decedent died." (Doc. 27 at 5.) And, even if not the "brunt of the harm," at least "some significant amount of harm" must be suffered in this state to give rise to jurisdiction here. *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1113 (9th Cir. 2002) ("Despite the apparent conflict between the *Core-Vent* line of cases and *Keeton,* we need not decide whether the effects test requires that the brunt of the harm have occurred within the forum state, or merely that some significant amount of harm have occurred there."). Here, however, the only harm that Plaintiff identifies is that "Mr. Wong's ability to earn income in Arizona for the benefit of Plaintiff is a harm suffered." (Doc. 43 at 9.) Such a harm, however, exists in every state in the union, and cannot be considered sufficient to give rise to jurisdiction in Arizona. Those Defendants are therefore dismissed for lack of personal jurisdiction, and Plaintiff's Motion for such relief, (Doc. 27) is granted.

The only claim against Smith personally is raised in the fourth cause of action and the only claim against SPRAY is raised in the seventh cause of action. Defendant's Motion to Dismiss for Failure to State a Claim is thus denied as moot as it relates to the fourth and seventh causes of action.

**IT IS THEREFORE ORDERED:**

1. Denying Plaintiff's Motion to Remand (Doc. 21).

2. Denying Tri-Rotor Defendants' Renewed Rule 12(B)(6) Motion to Dismiss for Failure to State a Claim (Doc. 26); and further denying it as moot as it relates to causes of action four, six, and seven.

3. Granting Defendants Tri-Rotor Spray & Chemical, Inc., and Larry Smith's Renewed Rule 12(B)(6) Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 27).

4. Granting in substance Defendants' Motion to Strike Plaintiff's Untimely Reply and New Arguments Therein and Alternative Motion for Leave to File a Sur-Reply (Doc. 29); and further denying as moot Defendants' Motion for Leave to File a Sur-Reply.

5. Denying as moot Plaintiff's Motion to Extend Time to File Reply (Doc. 35).

Dated this 5th day of February, 2024.

_____
G. Murray Snow
Chief United States District Judge