**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candance Wong,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tri-Rotor Ag Services Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-23-00882-PHX-GMS<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 52). That motion is denied for the following reasons.

　　　　In her Amended Complaint, Plaintiff alleges negligence claims in Counts Four and Seven against Defendants Tri-Rotor Spray & Chemical, Inc. ("Spray") and Larry Smith ("Smith"), respectively. (Doc. 22). In her Motion for Reconsideration, Plaintiff incorrectly asserts that the purposeful direction test only applies to intentional torts, and the claims asserted in Counts Four and Seven are not intentional torts. Nevertheless, the appropriate jurisdictional test to be applied to tort claims in general is the purposeful direction test. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (holding that "[f]or claims sounding in tort, we instead apply a 'purposeful direction' test and look to evidence that the defendant has directed his actions at the forum state, even if those actions took place elsewhere.") While the purposeful direction test requires that a person commit an intentional act directed at the forum, unlike an intentional tort the act itself need not constitute the tort. "The meaning of the term 'intentional act' in our jurisdictional analysis is the same as in the

context of intentional torts; namely the defendant must act with the 'intent to perform an actual physical act in the real world." *Id.*

The Court did not address any argument pertaining to alter ego liability of the Smith and Spray Defendants in its Order dismissing them because Plaintiff made no such allegations in the Amended Complaint. To the extent that the Plaintiff believes she may have a basis to believe that she can seek to amend her First Amended Complaint to obtain jurisdiction based on newly discovered facts or otherwise, she may file a request to amend her first amended complaint. Nevertheless, the Court declines to authorize the filing of such a second amended complaint absent an appropriately filed motion seeking to do so.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 52) is, thus, denied.

Dated this 29th day of March, 2024.

*[signature]*
G. Murray Snow
Chief United States District Judge